**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Karen Jirovec,                                      Civ. No. 26-cv-0600 (NEB/DJF)

        Plaintiff,

v.

Prudential Insurance Company of America,        **ORDER FOR SETTLEMENT**
                                                **CONFERENCE**
        Defendant.

---

The Court will hold a half day Settlement Conference in this case on **October 13, 2026,** beginning at **9:00 a.m.** via Zoom Video. Chambers will provide Zoom instructions. Unless otherwise ordered, all participants must be continuously available throughout the settlement conference until the Court, in its discretion, adjourns the conference.

Participants are expected to conduct themselves at the settlement conference in the same manner as they would during a hearing in the courtroom. This includes wearing appropriate courtroom attire and maintaining courtroom decorum when the Magistrate Judge or other parties are present.

**PARTICIPANTS:** Counsel <u>who will actually try the case</u> and representatives for the parties, <u>armed with full settlement authority,</u> must be present. If there is a cap or ceiling on settlement authority, the requirement for full settlement authority has not been met. If an individual is a party, he or she must personally participate unless excused by the Court. Other persons whose input or authority may be required to achieve a complete resolution of the matter must participate and, unless specifically excused by the Court, must be continuously available throughout the settlement conference.

Each party must file a letter, due **July 21, 2026**, identifying the party representatives who will appear at the settlement conference on behalf of each party in compliance with the above participation requirements.   Any party's failure to bring representatives consistent with this Order, unless excused by the Court, may result in cancelation of the settlement conference, sanctions, or both.

**PRE-CONFERENCE MEET AND CONFER:**  Counsel for the parties must engage in a full and frank settlement discussion, in person or by videoconference, **no more than two weeks** before the Settlement Conference and attempt to reach agreement on the following questions, if possible:

1.      The exact amount of monthly benefits;

2.      The amount of any past due monthly benefits;

3.      The tax treatment of the monthly benefits;

4.      Whether Social Security benefits operate as a set-off to monthly benefits that are allegedly due; and

5.      What discount rate applies to any future monthly benefits to reduce that alleged amount to a present value.

Email and letter exchanges do not meet this requirement.  Counsel must prepare for this pre-conference meet and confer with their respective clients. During this pre-conference meet and confer, counsel must exchange at least one round of settlement proposals, including at least one specific demand and one offer.  Counsel must immediately notify the Court if the case settles.

**CONFIDENTIAL SETTLEMENT LETTERS:**  If the case does not settle, by no later than **5:00 PM on October 6, 2026,** each party must submit to the Court a confidential letter addressing the following, if applicable:

2

1. When and where did the pre-conference meet and confer take place, how long did the meeting last, and who attended?

2. What is the history of negotiations to date, including the demands and corresponding responses to the demands?

3. What is the total potential exposure in the case?

4. What is the applicable standard of review, and why?  Do the parties agree or disagree on the applicable standard?

5. Provide a concise summary of any liability issues of significance to your position, along with citations to any relevant authorities.

6. Provide an itemized computation of each element of the total benefits that could be paid out over the life of the policy, state whether the parties are in agreement as to that calculation, and identify any points of disagreement.

7. What are the obstacles to settlement and how can those obstacles be overcome?

8. What are the strengths and weaknesses of your position on the merits?

9. What is your assessment of the best and worst alternatives to a negotiated settlement?

10. Provide an assessment of your legal fees and expenses incurred to date and an estimate of the fees and expenses likely to be incurred if the case is litigated to conclusion.

11. State the name and position or title of each person who will attend the settlement conference on your side, indicating which of the attendees have full authority to settle the case.

12. Any other information you believe would be helpful to the settlement process.

Letters must be no more than **twelve (12) pages** in length, (including exhibits and any attachments).  If the confidential letters from each party are not received by the Court on October 6, 2026, the Court may postpone or cancel the settlement conference. These letters are for the Court's use only and need not be served on opposing counsel, although counsel are strongly encouraged to share with each other any analysis and perspectives they believe the opposing party should take into account in evaluating the case for settlement.  Counsel should

submit their confidential settlement letters to Chambers via email at Foster_Chambers@mnd.uscourts.gov.

Failure of any party or attorney to comply with any part of this Order may result in the postponement of the settlement conference and/or imposition of an appropriate sanction on the party or attorney who failed to comply.

Date: July 13, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge